No. 96-222C

(Filed: April 22, 2003)

R. P. WALLACE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

A pretrial conference was held today in this case. Participating in this conference were Mr. John C. McManus, on behalf of plaintiff; and Michael F. Kiely, on behalf of defendant.

**IT IS ORDERED:**

1. Trial will commence with opening arguments at 10:00 a.m., Monday, May 5, 2003, in Room 311, 3rd Floor, Federal Courthouse Building, 500 Camp Street, New Orleans, Louisiana. Each subsequent day of trial will begin at 9:00 a.m.

2. Counsel are instructed to tailor their proof to the legal issues in this case. The issues to be resolved during trial in this case are:

   a. Whether the government is liable to R.P. Wallace under the "changes" clause of the contract because the Navy issued defective paint and windows specifications resulting in delays to the contractor?

   b. If the government is liable, what is the quantum of damages and the specific number of days to which plaintiff is entitled as an equitable adjustment to its contract?

3. The parties shall file a joint stipulation of facts with the court on or before April 29, 2003.

4. At the conference, the court reviewed the parties' list of potential witnesses. Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

5. At the beginning of trial, the parties shall supply six pre-marked copies of the exhibits they intend to offer in this case. The copies shall be in binders, with tabbed dividers between each individual exhibit. Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter). Defendant shall use blue stickers; plaintiff shall use any other color. The parties shall provide boxes suitable for mailing two copies of their exhibit binders.

6. It is the court's intention to admit, *en masse*, and at the outset of trial, exhibits to which no objections will be raised. If the parties have objections to certain exhibits, the parties shall be prepared to explain their positions at that time.

7. The court may require post-trial briefing in this case. If necessary, the schedule for such briefing will be established at the conclusion of trial.

8. Counsel are reminded of the court's expectation that the direct examination of witnesses, particularly expert witnesses, shall be crisp and shall not unduly elicit information already in the record (*e.g.*, the content of expert reports).

s/Francis M. Allegra
Francis M. Allegra
Judge