**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**R.P. WALLACE, INC.**

**v.** **No. 96-222 C**
**(Judge Allegra)**

**THE UNITED STATES OF AMERICA**

**<u>MEMORANDUM OF LAW</u>**

At the conclusion of the Hearing on the above cited case, Judge Allegra requested a short Memorandum of Law concerning the effect of notice of delays on the assessment of liquidated damages. There was no clarification of whether the effect of notice was as to the contractor or the government, so both will be taken into consideration.

It is understood that the Judge's question came in the context of the evidence that was presented at trial. The Plaintiff testified that it had been delayed by defective specifications applicable to the windows in that it had a difficulty in finding a manufacturer for the windows. Finally one manufacturer informed the Plaintiff, and the Defendant, that the specifications were defective in that the requested window types with real mullions could not withstand the contractually required wind loadings. The defendant then modified the specifications to allow for a false mullion which would meet the wind loads. It was stipulated to by the parties that the original window specifications were defective.

The Defendant alleges that the Plaintiff did not provide notice to the Defendant of the defective nature of the specifications until the second window submittal which came some five (5) months after the beginning of the contract. Plaintiff's testimony asserted that the Plaintiff was not aware of the defective nature of the specification until it received the second submittal from the window manufacturer. The Plaintiff did, however, testify that it had not provided notice to the Defendant that it was having difficulty finding a window manufacturer.

The question then becomes whether or not the assessment of liquidated damages in any way depends on the timely filing of notice of contractual delays with the government. A Lexis search reveals that while there have been many cases before this Court and the United States Court of Appeals for the Federal Circuit concerning liquidated damages, the writer could find no cases where either the approval or denial of the assessment of liquidated damages hinged on notice to the government by the contractor of contractual delays.

The one thread running through all of the liquidated damages cases is that at some time during the contractual process it becomes evident that the contractor will not complete the contract performance by the date set in the contract. Once the contract completion date has come and gone, the government is then entitled under the "Liquidated Damages" clause to assess liquidated damages in the daily amount set forth in the contract. This is, of course, subject to any extension of the contract performance time pursuant to the "Time Extensions" clause, "Changes" clause and any of the other clauses allowing for modification of the contract.

There is, however, in this Court and in the Court of Appeals for the Federal Circuit, a split in how the courts determine whether the government has properly assessment liquidated damages and, if properly assessed, how much of the assessed damages the court will let stand. In *Sauer Inc. V. Danzig, 224 F.3d 1340 (Fed.Cir. 2000)*, the Court stated generally: "[A] party asserting that liquidated damages were improperly assessed bears the burden of showing the extent of the excusable delay to which it is entitled." This rule has been explained in more detail that the government has the initial burden of going forward to show that the contract was not completed by the agreed contract completion date and that liquidated damages were due and owing. Once the government satisfies its initial burden, the burden of going forward shifts to the contractor to show that any delays were excusable and that it should be relieved of all or part of the assessment. (*Sauer, Id.; In re. Cent. Ohio Building Co., PSBCA No. 2742,*

*92-1 BCA P24,399)*

At this point there is a split of authority has to how the liquidated damages are then treated. One view holds that if the government has contributed to the delays in contract performance, the liquidated damages clause will not be enforced and all assessments will be returned to the contractor. The other view attempts to apportion the delays between the contractor and the government and arrive at some equitable division of the assessment. The anti-apportionment rule was stated in *United States v. United Engineering & Constructing Co., 234 U.S. 236, 34 S.Ct. 843, 58 L.Ed. 1294 (1914)* wherein the Court stated: “When performance of the contract is delayed by the government and the contractor, the rule of the original contract cannot be insisted upon and liquidated damages measured thereby are waived.”

In *Acme Process Equipment v. United States, 171 Ct.Cl. 324, 347 F.2d 509 (1965)* the court held that: “where delays are caused by both parties to the contract the court will not attempt to apportion them, but will simply hold that the provisions of the contract with reference to liquidated damages will be annulled.” The court stated that this result was fair because it did not prevent the government from proving and recovering its actual damages caused by the contractor’s delay, it merely lost its right to insist on an artificial measure of damages agreed on by the parties for the situation in which the contractor alone is responsible for the delay.

Some courts and Boards have criticized the anti-apportionment rule as too harsh and have attempted to apportion concurrent delays in assessing liquidated damages. The leading case propounding this view is *Sauer v. Danzig*, Id. Here the court first stated that: “To avail itself of the excusable delay provision, plaintiff has the burden of proving that the excuse was beyond its control and without its fault or negligence. Plaintiff must further prove that it took reasonable action to perform the contract notwithstanding the occurrence of such excuse. In addition, the unforeseeable cause must delay the overall contract completion. The court then stated that: “As a general

rule, a party asserting that liquidated damages were improperly assessed bears the burden of showing the extent of the excusable delay to which it is entitled." (*224 F.3d at 1347)*

The competing views were discussed by this Court in *PCL Construction Services, Inc. V. United States, 53 Fed. Cl. 479 (2002)* The Court pointed out that *Sauer* was only a three judge panel and was not a ruling en banc, therefore, it did not specifically overrule the decision in *Acme Process Equipment*. In addition, *Saur* did not include a discussion of the rule against apportionment, nor cite any of the cases discussing the rule. Also, the apportionment rule would only operate when there "is in the proof a clear apportionment of the delay and the expenses attributable to each party".

The court then proceeded to decide that it would follow the rule against apportionment and found that as the government had delayed a portion of the contract performance, it would annul the liquidated damages provision of the contract. (*53 Fed.Cl. at 489)* In addition, the court stated that even if it were to follow the apportionment rule, it would not apply in this case because, based on the evidence in the record, it was impossible to apportion the damages.

In the instant case, it is the Plaintiff's position that, as the Defendant has stipulated to the fact that its specifications were defective and the Plaintiff's evidence established that it was delayed by the defective nature of the specifications, under the rule against apportionment all of the liquidated damages assessed against the Plaintiff should be remitted. This position is still sound even though the Plaintiff may have been remiss in quickly informing the Defendant as to the difficulties encountered in securing a window manufacturer, as notice appears to have no effect on the treatment of liquidated damages.

Submitted, this the 6 day of June, 2003.

Respectfully Submitted;

MCMANUS & GRAHAM, LLP
Attorneys for R.P. Wallace, Inc.

/s/______________________
John C. McManus

P.O. Box 95269
Atlanta, GA. 30347
Tel: 404.929.9122