**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **R.P. WALLACE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 96-222C** |
| **v.** | ) | **(Judge Allegra)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S POST-TRIAL MEMORANDUM**
**ON THE ISSUE OF NOTICE AND LIQUIDATED DAMAGES**

In accordance with the Court's order, dated May 7, 2003, defendant is respectfully submitting its post-trial memorandum on the issue of notice and liquidated damages.

Liquidated damages generally start to be assessed at the contract completion date, as adjusted for excusable delays, and are assessed until the project is completed. Racine Screw Co. v. United States, 156 Ct.Cl. 256 (1962). A plaintiff seeking a return of liquidated damages must establish excusable delay. Sauer, Inc. v. Danzig, 224 F.3d 1340, 1347 (Fed. Cir.2000). Under the excusable delay clause, the plaintiff has the burden of proving that the delay was excusable under the terms of the default provision of the contract, i.e., Federal Acquisition Regulation ("FAR") 52.249-10(b), Sauer Inc., 224 F.3d at 1345 (citing International Electronics Corp. v. United States, 227 Ct.Cl. 208, 231, 646 F.2d 496, 510 (1981)).

Contract no. N62467-91-C-7226 ("the contract"), between the Department of the Navy and the plaintiff, R.P. Wallace, Inc. ("R.P. Wallace"), incorporated by reference the clause found at FAR 52.249-10. Joint Exhibit 16, § I.97. This clause provides that, if a delay is caused by something "beyond the control and without the fault or negligence of the Contractor," such as an act of Government, "the time for completing the work shall be extended." FAR 52.249-10(b).

The clause then lists examples of such delay. Id. Although not listed in the delay clause, defective specifications are a basis for excusable delay. United States v. Spearin, 248 U.S. 132 (1918); J.D. Hedin Construction Co. v. United States, 347 F.2d 235 (Ct. Cl. 1965). Based upon such a time extension for excusable delay, the contractor would be entitled to a remission of assessed liquidated damages for the period of excusable delay. Sauer, Inc. 224 F.3d at 1347.

However, the delay clause also contains a notice requirement that must be satisfied for the contractor to establish excusable delay. FAR 52.249-10(b) states that a contractor is entitled to a time extension for excusable delay if the delay is beyond the control and without the fault or negligence of the Contractor "and (2) [t]he Contractor, within 10 days from the beginning of any delay (unless extended by the Contracting Officer), notifies the Contracting Officer in writing of the causes of delay." FAR 52.249(b)(2). Thus, in order to obtain a remission of liquidated damages, a contractor must have satisfied the notice provisions of FAR 52.249(b)(2.)

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum

DEBORAH A. BYNUM
Assistant Director

OF COUNSEL

ELLEN M. EVANS, ESQ.
Department of the Navy
Washington, DC 20374

s/Michael F. Kiely

MICHAEL F. KIELY
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
1100 L St., NW, 8th Floor
Washington, D.C. 20530
(202) 305-7572

Attorneys for Defendant

Date: June 6, 2003